UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRY LEE COLE,

    Plaintiff,

v.

                Case No. 3:22-cv-440-MMH-JBT

MIKE WILLIAMS, et al.,

    Defendants.

## ORDER

  Plaintiff Terry Lee Cole, while a pretrial detainee housed at the Montgomery Correctional Center (MCC),[1] initiated this action on March 1, 2022 (signature date), by filing a pro se Complaint (Doc. 1).[2] In the Complaint, Cole names Sheriff Mike Williams, Detective Carteraun, the Jacksonville Fire and Rescue Department (JFRD), and a Jacksonville Sheriff's Office (JSO) patrol officer. He asserts that he was denied medical care for his broken finger on June 20, 2020. Complaint at 5. As relief, he requests monetary damages and medical care for his finger.

---

[1] According to the Florida Department of Corrections (FDOC) website, the FDOC took custody of Cole on April 14, 2022.

[2] For all referenced documents, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[3] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails

---

[3] Cole has neither paid the filing fee nor filed an application to proceed as a pauper. As such, for purposes of the Court's required screening, the Court will assume Cole intends to proceed as a pauper.

2

to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[4] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal

4

quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Cole's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

5

Cole's Complaint is due to be dismissed pursuant to this Court's screening obligation. The main thrust of the Complaint is the alleged subpar conditions Cole experienced while housed at MCC as a pretrial detainee,[5] specifically the denial of medical care. However, he also presents a variety of unrelated claims spanning from March 2019 to December 2021. He asserts that he was arrested in March 2019 when he failed to "register [his] job." Complaint at 3. Next, he states that a JSO officer arrested him on June 5, 2020, and told the JFRD that Cole is "just a sex offender" and "don't need nothing" for his broken finger. Id. He maintains that the JFRD and MCC denied him medical care. Id. He also avers that Detective Carteraun harassed him, and the Jacksonville Re-entry Center (JREC) "turned [him] away" in December 2020 because he did not have the required $25.00 fee. Id. Additionally, he asserts that he was denied treatment for a "different finger" on December 22, 2021. Id. Finally, he states that he was not able to access the law library because "tablets" were "down" for one month. Id.

---

[5] Because Cole was a pretrial detainee at the time of the alleged events, the Fourteenth Amendment applies. However, the standard of analysis for a Fourteenth Amendment deliberate indifference claim and an Eighth Amendment deliberate indifference claim are the same. See Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013) ("[T]he standards under the Fourteenth Amendment are identical to those under the Eighth.").

Pursuant to the Eighth Amendment of the United States Constitution, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). The Eleventh Circuit has explained:

> Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id.[6] The challenged condition must be extreme and must pose an unreasonable risk of serious damage to the prisoner's future health or safety. Id. The Eighth Amendment guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. Id.
>
> Under the subjective component, a prisoner must allege that the prison official, at a minimum, acted

---

[6] Chandler, 379 F.3d at 1289.

7

> with a state of mind that constituted deliberate indifference. Id. This means the prisoner must show that the prison officials: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct that is more than mere negligence. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

Oliver v. Fuhrman, 739 F. App'x 968, 969-70 (11th Cir. 2018). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The Eleventh Circuit has explained:

> To prevail on a deliberate indifference claim, [a plaintiff] must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). To establish deliberate indifference, [a plaintiff] must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010) (alteration in original). The defendants must have been "aware of facts from which the inference could be drawn that a substantial

8

>   risk of serious harm exist[ed]" and then actually draw that inference. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotation omitted).

Easley v. Dep't of Corr., 590 F. App'x 860, 868 (11th Cir. 2014). "For medical treatment to rise to the level of a constitutional violation, the care must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Nimmons v. Aviles, 409 F. App'x 295, 297 (11th Cir. 2011) (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Grossly incompetent or inadequate care can constitute deliberate indifference, . . . as can a doctor's decision to take an easier and less efficacious course of treatment" or fail to respond to a known medical problem).

However, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham, 654 F.3d at 1176 (quotation marks and citation omitted). Moreover, the Eleventh Circuit

9

has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted). In sum, the Eleventh Circuit has stated:

> A prisoner bringing a deliberate-indifference claim has a steep hill to climb. We have held, for instance, that the Constitution doesn't require that the medical care provided to prisoners be "perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quotation omitted).[7] Rather, "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. at 1505 (quotation omitted). We have also emphasized—as have our sister circuits—that "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and

---

[7] Harris v. Thigpen, 941 F.2d 1495 (11th Cir. 1991).

10

> unusual punishment." Id.; accord, e.g., Lamb v. Norwood, 899 F.3d 1159, 1162 (10th Cir. 2018) ("We have consistently held that prison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."); Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (en banc) ("[The Eighth Amendment] does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing.").

Keohane, 952 F.3d at 1266.

Cole has not presented sufficient allegations to support a claim for a federal constitutional violation against Defendants. He generally accuses the JFRD and MCC of denying him medical care for a broken finger on June 5, 2020, and blames the "pee farm" for denying him medical care for "a different finger" about a year later. He provides no facts suggesting how Sheriff Williams was involved in the violation of his federal constitutional rights. Additionally, Cole's medical claim lacks specific facts that would allow the Court to draw a reasonable inference that Defendants (or an unnamed medical personnel) were deliberately indifferent to a serious medical need. He does not specify what the medical personnel individually did or failed to do that caused him to suffer. Nor does Cole state what treatment was withheld from him or why any such treatment was needed or proper. Absent such facts, the Court cannot infer that the conduct of the medical personnel amounted to anything

11

more than a disagreement in medical opinion or simple negligence. See Adams, 61 F.3d at 1545.

Additionally, Cole asserts that he was not able to access the law library for one month because the tablets were not working. It is well-established that inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); see Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003). To state a claim for denial of access to the courts, a plaintiff must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). Therefore, "the plaintiff must identify within his complaint, a 'nonfrivolous, arguable underlying claim.'" Id. at 1226 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Additionally, the plaintiff must show that the underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at 354 57; Cranford v. Nev. Dep't of Corr., 398 F. App'x 540, 546-47 (11th Cir. 2010). Here, Cole fails to assert that Defendants' conduct resulted in an "actual injury," as defined by the Eleventh Circuit. He has not provided any facts suggesting that Defendants' conduct

frustrated or impeded his ability to pursue a nonfrivolous claim in connection with a direct appeal, a collateral attack on his conviction, or in a civil rights action.

As to any alleged verbal abuse (including threatening or demeaning comments) or insulting gestures on the part of Defendants, such allegations do not state a claim of federal constitutional dimension. Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (per curiam). To the extent Cole alleges that Defendants belittled him, verbal taunts without more do not deprive an inmate of his federal constitutional rights. See Paylan v. Dirks, 847 F. App'x 595, 601 (11th Cir. 2021) (citation omitted).

Moreover, as to Cole's interest in addressing any ongoing violations at the hands of medical personnel, he may seek such relief by initiating a grievance pursuant to the prison's administrative grievance procedures. Although the grievance process does not permit an award of monetary damages, the grievance tribunal has the authority to take responsive action. As an additional measure to provide Cole with potential guidance, he may contact his classification officer to inquire about any concerns he may have about access to sick call and/or physicians, including specialists, to evaluate his medical condition and determine if he needs any remedial treatments. Also,

the website for the JREC (https://www.reentryprograms.com/go/jacksonville-re-entry-center) may be helpful.

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Cole's right to refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1.	This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.	The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

3.	The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on

the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $402.00 filing fee (if he does not desire to proceed as a pauper). Finally, he must sign his name on the forms.

      **DONE AND ORDERED** at Jacksonville, Florida, this 25th day of April, 2022.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-1 4/21
c:
Terry Lee Cole, FDOC #555800